# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MONTEL LUBIN,** | : CIVIL NO. 1:CV-13-0049 |
| **Plaintiff** | : (Judge Rambo) |
| v. | : |
| **LIEUTENANT THOMAS, et al.,** | : |
| **Defendants** | : |

## **M E M O R A N D U M**

Plaintiff Montel Lubin, an inmate currently incarcerated at the State Correctional Institution at Smithfield ("SCI-Smithfield") in Huntingdon, Pennsylvania, commenced this civil rights action by filing a complaint on January 8, 2013, pursuant to the provisions of 42 U.S.C. § 1983. (Doc. 1.) Named as Defendants are three prison officials from his former place of confinement, the State Correctional Institution in Somerset, Pennsylvania ("SCI-Somerset"): Lieutenant Thomas, C/O Brooks, and C/O Weaver. In the complaint, Plaintiff claims that Defendants violated his constitutional right of access to the courts when his legal property was lost. As relief, Plaintiff seeks compensation for his lost legal work.

Presently before the court is a motion to dismiss filed by Defendants. (Doc. 13.) For the reasons set forth herein, the motion to dismiss will be granted. However, Plaintiff will be given an opportunity to file an amended complaint as to his denial of access to the courts claim only.

**I. Background**

In his complaint, Plaintiff provides the following factual background with respect to his claim. For purposes of disposition of the instant motion to dismiss, the factual allegations asserted in the complaint will be accepted as true and viewed in a light most favorable to Plaintiff.

While Plaintiff was housed at SCI-Somerset, Defendants escorted him to a Psychiatric Observation Cell ("POC"). (Doc. 1 at 3.) Defendants packed his property. (*Id.*) Upon his return to his regular cell on March 28, 2012, Plaintiff's property, legal paperwork, address book, and other personal hygiene items were missing. (*Id.*) Plaintiff alleges that included in this property that was lost was newly discovered evidence, *i.e.*, three affidavits from witnesses, "who's [sic] testimony could have gotten me back into the court to over turn my case." (*Id.*) Plaintiff filed a grievance, but it was denied on all levels on the grounds that there was no evidence to show that staff misplaced or lost his property. (*Id.*) In one grievance response, attached to Plaintiff's complaint, a grievance officer stated the following:

> I spoke to Lt. Ryba and the RHU staff. They state that they searched the RHU, Medical and R&D areas for your items and they were not found. Lt. Ryba stated that you approached him about this issue only when talking to him you claimed that the material was time dated and needed to be found ASAP however you could not tell him when it was due, what it was or what it pertained to. It was also stated that when you went to Psych Obs all your cell property was removed from your cell and returned to you upon you getting out of medical. You made no claims at

> the time of missing property. I also fin[d] that it is highly unlikely that your lawyer would entrust you with the only copies of material that could potentially release you from prison. I can find no proof that such paperwork even existed.

(*Id.* at 11.)

On January 8, 2013, Plaintiff filed the instant complaint. (*Id.*) In his complaint, he alleges that Defendants violated his right of access to the courts as a result of the loss of his property. (*Id.*) By order dated February 7, 2013, the court directed service of the complaint. (Doc. 10.) On March 15, 2013, Defendants filed a motion to dismiss the complaint along with a supporting brief. (Docs. 13 & 14.) On April 3, 2013, Plaintiff filed a brief in opposition. (Doc. 16.) As Defendants have not filed a reply brief, the motion to dismiss is now ripe for disposition.

**II.     Standard of Review - Motion to Dismiss**

Among other requirements, a sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Fair notice" in Rule 8(a)(2) "depends on the type of case[, because] some complaints will require at least some factual allegations to make out a showing that the pleader is entitled to relief."

3

*Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quotation omitted). "[A] situation may arise where, at some point, the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Id*. In such a case, a defendant may attack a complaint by a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

In deciding a motion to dismiss under Rule 12(b)(6), the court is required to accept as true all of the factual allegations in the complaint, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007), and all reasonable inferences permitted by the factual allegations contained therein, *Watson v. Abington Twp.*, 478 F.3d 144, 150 (3d Cir. 2007), and view them in the light most favorable to the plaintiff, *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007). If the facts alleged are sufficient to "raise a right to relief above the speculative level" such that the plaintiff's claim is "plausible on its face," a complaint will survive a motion to dismiss. *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 570) (explaining a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *see also Phillips*, 515 F.3d at 234; *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007); *Stevenson v. Carroll*, 495 F.3d 62, 66 (3d Cir. 2007). Further, when a complaint contains well-pleaded factual

4

allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 664. However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. at 678 (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id*.

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted); *see also Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). The court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Pension Benefit*, 998 F.2d at 1196. Additionally, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) (citation omitted); *see also U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) ("Although a district court may not consider matters extraneous to the pleadings, a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion to dismiss into one for

5

summary judgment." (internal quotation omitted)). However, the court may not rely on other parts of the record in making its decision. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003); *Youse v. Carlucci*, 867 F. Supp. 317, 318 (E.D. Pa. 1994). Such a complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Finally, in the Third Circuit, a court must grant leave to amend before dismissing a civil rights complaint that is merely deficient. *See, e.g.*, *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007); *Weston v. Pennsylvania*, 251 F.3d 420, 428 (3d Cir. 2001); *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004).

**III. Discussion**

In order to state a viable Section 1983 claim, a plaintiff must plead two essential elements: 1) that the conduct complained of was committed by a person acting under color of state law; and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution and laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). The defendant's conduct must have a close causal connection to the plaintiff's injury in order for Section 1983 liability to attach. *Martinez v. California*, 444 U.S. 277, 285 (1980).[1] A prerequisite for a viable civil rights claim is that the defendant directed, or knew of and acquiesced in, the deprivation of the plaintiff's constitutional rights. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988). On its face, Section 1983 creates no exceptions to the liability it imposes, nor does it speak of immunity for any individual who might deprive another of civil rights. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 268 (1993). Nevertheless, it is well-settled that certain government officials possess immunity from Section 1983 liability. *Id*.

In the instant motion to dismiss, Defendants seek dismissal of the complaint on the basis that: (1) Plaintiff's claims for money damages against Defendants in their official capacities should be dismissed for failure to state a claim; and (2) Plaintiff's

---

[1] The Court in *Martinez* explained: "Although a § 1983 claim has been described as 'a species of tort liability,' it is perfectly clear that not every injury in which a state official has played some part is actionable under that statute." *Martinez*, 444 U.S. at 285 (internal citations omitted).

claim of denial of access to the courts should be dismissed because Plaintiff fails to establish that the underlying action was nonfrivolous. The court will address these arguments in turn.

### A. Official Capacity

Defendants contend that the Eleventh Amendment bars Plaintiff's claims for money damages against them in their official capacities. The Eleventh Amendment precludes federal court jurisdiction over suits by private parties against states or their agencies unless sovereign immunity has expressly been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). By statute, the Commonwealth of Pennsylvania has specifically withheld its consent to be sued. *See* 42 Pa. Cons. Stat. Ann. § 8521(b); *see also Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981). The doctrine of sovereign immunity also extends to a state official in his or her official capacity because "it is not a suit against the official but rather is a suit against the official's office. As such it is no different from a suit against the State itself." *Garden State Elec. Inspection Servs. v. Levin*, 144 F. App'x 247, 251 (3d Cir. 2005) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). In *Will*, the Supreme Court held that a state and state officers acting in their official capacities are not "persons" against whom a claim for money damages under § 1983 can be asserted. *Will*, 491 U.S. at 64. However, the Eleventh Amendment does not preclude a suit

against a state official acting in his or her individual, or personal capacity. *Hafer v. Melo*, 502 U.S. 21, 31 (1991); *Ex parte Young*, 209 U.S. 123, 159-60 (1908); *Koslow v. Pennsylvania*, 302 F.3d 161, 168 (3d Cir. 2002). Based on this well-settled law, Plaintiff's claims for money damages against all of the Defendants in their official capacities will be dismissed. To the extent that Plaintiff has brought § 1983 claims against Defendants in their individual capacities, however, those claims remain viable. *See Hafer*, 502 U.S. at 31 ("We hold that state officials, sued in their individual capacities, are 'persons' within the meaning of § 1983.").

### B. Access to the Courts

Defendants argue that Plaintiff has failed to state a claim of denial of access to the courts. Upon review, the court agrees and will grant the motion to dismiss on this claim. However, Plaintiff will be given an opportunity to file an amended complaint as to this issue only.

Indigent prisoners have a constitutional right of access to the courts.[2] *See Lewis v. Casey*, 518 U.S. 343 (1996); *Bounds v. Smith*, 430 U.S. 817 (1977). Importantly, a plaintiff must demonstrate actual injury stemming from the denial of access. *Lewis*, 518 U.S. at 351-52. However, prisoners are limited to proceeding on access to the court claims challenging either their sentence (by direct or collateral attack) and their conditions of confinement, as the "impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id*. at 355.

A plaintiff must allege both an underlying cause of action, whether anticipated or lost, and official acts frustrating the litigation. *Christopher v. Harbury*, 536 U.S. 403 (2002). In order to state an access to the courts claim, "[w]here prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim,

---

[2] The Supreme Court has identified two general categories of denial of access to the courts claims. *See Christopher v. Harbury*, 536 U.S. 403, 412-13 (2002); *see also Gibson v. Superintendent of N.J. Dep't of Law & Pub. Safety - Div. of State Police*, 411 F.3d 427, 441 (3d Cir. 2005), *overruled in part on other grounds as noted in Dique v. N.J. State Police*, 603 F.3d 171 (3d Cir. 2010). The first type is "forward-looking" claims which allege that official action frustrates a plaintiff in preparing and filing suit at the present time. *Christopher*, 536 U.S. at 413. The second category covers "backward-looking" claims which allege that official acts "have caused the loss or inadequate settlement of a meritorious case, the loss of an opportunity to sue, or the loss of an opportunity to seek some particular order of relief . . . . These cases do not look forward to a class of further litigation, but backward to a time when specific litigation ended poorly, or could not have commenced, or could have produced a remedy subsequently unobtainable. The ultimate objects of these sorts of access claims, then, is not the judgment in a further lawsuit, but simply the judgment in the access claim itself, in providing relief obtainable in no other suit in the future." *Id*. at 413-14 (citations omitted).

they must show (1) that they suffered an 'actual injury' - that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit." *Monroe v. Beard*, 536 F.3d 198, 205-06 (3d Cir. 2008) (quoting *Christopher*, 536 U.S. at 415). "To that end, prisoners must satisfy certain pleading requirements: The complaint must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'" *Id*.

Furthermore, a plaintiff must demonstrate intent on the part of the defendants. The Third Circuit has explained:

> [A] denial of access claim is available where the state officials "*wrongfully and intentionally* conceal information crucial to a person's ability to obtain redress through the courts, and so *for the purpose of frustrating that right*, and that concealment, and the delay engendered by it substantially reduce the likelihood of one's obtaining the relief to which one is otherwise entitled."

*Gibson*, 411 F.3d at 445 (emphasis in original) (citations omitted).

So then, in order to support his access to the courts claim, Plaintiff is required to demonstrate that he has lost the opportunity to pursue a nonfrivolous or arguable underlying legal claim, that there is no other remedy available to him, and that Defendants had the requisite intent to deny his constitutional right of access to the courts. Here, Plaintiff alleges that the loss of his legal property on or around March

28, 2012, resulted in actual injury in relation to newly discovered evidence in the form of three affidavits which could have been used to overturn his "case." However, the allegations in the complaint concerning Plaintiff's actual injury are too vague to state a claim for relief. Plaintiff has not pleaded any facts showing that he lost the chance to pursue a nonfrivolous claim. Moreover, he does not describe his underlying legal claim clearly enough to show that it was "more than mere hope." The most specific of his allegations is his claim that Defendants took three affidavits of witnesses "who's [sic] testimony could have gotten me back into the courts to over turn my case." (Doc. 1 at 3.) This allegation is an inadequate description of Plaintiff's underlying claim. As a result, Plaintiff has failed to set forth a claim of denial of access to the courts, and this claim will be dismissed. However, Plaintiff will be given an opportunity to file an amended complaint as to his access to the courts claim. *See Fletcher-Harlee Corp.*, 482 F.3d at 252.

## IV. Conclusion

For the reasons stated above, Plaintiff's claim of denial of access to the courts will be dismissed, but Plaintiff will be given an opportunity to file an amended complaint as to this claim, which must also include Plaintiff's § 1983 claims against Defendants in their individual capacities, which this court found to be viable. Plaintiff

is advised that the amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed. *Young v. Keohane*, 809 F. Supp. 1185, 1189 (M.D. Pa. 1992).

An appropriate order will issue.

                                                    s/Sylvia H. Rambo
                                               United States District Judge

Dated: August 8, 2013.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MONTEL LUBIN,** | **CIVIL NO. 1:CV-13-0049** |
| **Plaintiff** | **(Judge Rambo)** |
| v. | |
| **LIEUTENANT THOMAS, et al.,** | |
| **Defendants** | |

# **O R D E R**

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1) Defendants' motion to dismiss (Doc. 13) is **GRANTED** without prejudice to Plaintiff to file an amended complaint as to his access to the courts claim as well as his Section 1983 claims against Defendants in their individual capacities.

2) Plaintiff's amended complaint shall be filed in accordance with the instructions set forth in the accompanying memorandum no later than August 23, 2013.

3) Failure to timely comply with this order will result in the dismissal of this action with prejudice.

                                                         s/Sylvia H. Rambo
                                                         United States District Judge

Dated: August 8, 2013.