IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MONTEL LUBIN,** | : | **CIVIL NO. 1:13-cv-0049** |
| **Plaintiff** | : | **(Judge Rambo)** |
| **v.** | : | |
| **LIEUTENANT THOMAS, et al.,** | : | |
| **Defendants** | : | |

# M E M O R A N D U M

      Plaintiff Montel Lubin, an inmate currently incarcerated at the State Correctional Institution at Smithfield ("SCI-Smithfield") in Huntingdon, Pennsylvania, commenced this civil rights action by filing a complaint on January 8, 2013, pursuant to the provisions of 42 U.S.C. § 1983.  (Doc. 1.)  On August 8, 2013, this court dismissed the complaint without prejudice, giving Plaintiff leave to file an amended complaint to more fully develop his claim of denial of access to courts. (Doc. 17.)  Plaintiff filed an amended complaint on September 4, 2013. (Doc. 20.) On September 6, 2013, Defendants filed a motion to strike the amended complaint, claiming that Plaintiff failed to focus the pleading solely on the access to courts claim per this court's instructions.  (Doc. 21.)  For the reasons that follow, Defendants' motion to strike will be granted and Plaintiff will be directed to file another amended complaint.

## I.      Background

      In his original complaint, Plaintiff named three prison officials from his former place of confinement, the State Correctional Institution in Somerset,

Pennsylvania ("SCI-Somerset") as Defendants: Lieutenant Thomas, C/O Brooks, and C/O Weaver.  (Doc. 1.)  Plaintiff claimed that, during his confinement at SCI-Somerset, Defendants escorted him to a psychiatric observation cell where he was temporarily housed.  (*Id.* at 3.)  When Plaintiff was returned to his previous cell, he discovered that his property, including legal paperwork, had been lost.  (*Id.*)  Plaintiff claimed that, by losing his legal paperwork, Defendants violated his right of access to courts.  (*Id.*)  In his original complaint Plaintiff sought compensatory and punitive damages.  (*Id.*)

On August 8, 2013, this court granted Defendants' motion to dismiss the complaint.  (Doc. 17.)  This court found that Plaintiff's claims for money damages against Defendants in their official capacity were precluded by the Eleventh Amendment and that Plaintiff failed to state a claim that his right of access to courts had been violated.  (*Id.* at 8–9, 11–12.)  However, this court also gave Plaintiff the opportunity to file an amended complaint in order to adequately plead the facts necessary to support an access to courts claim.  (*Id.* at 13–14.)

On September 4, 2013, Plaintiff filed his amended complaint.  (Doc. 20.)  The amended complaint raises numerous claims, including "defamation of character, slander, conspiracy, retaliation, discrimination, unconstitutional interference with access to court, denial of due process and maintaining false business records, in contravention of [Plaintiff's] rights under the Fourth, Eighth and Fourteenth, and First Amendments [sic] [.]"  (*Id.* at 1.)  Along with these new claims, the amended complaint includes a more detailed description of the facts surrounding the loss of his legal papers as well as facts that appear to be only tangentially related to this claim.  (*Id.* at 2–9.)  Defendants subsequently filed the instant motion to

strike, arguing that the amended complaint violates this court's order by including claims and factual allegations unrelated to Plaintiff's access to courts claim.

## II.        Discussion

### A.        Amended Pleadings

Federal Rule of Civil Procedure 15 governs the issue of amended pleadings.    The rule provides that, outside of certain situations where a party may amend its pleading as a matter of course,[1] "a party may amend its pleading only with the opposing party's written consent or the court's leave," though "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  When granting leave to amend, "the court may use its discretion to impose conditions on the allowance of a proposed amendment as an appropriate means of balancing the interests of the party seeking the amendment and those of the party objecting to it." Charles Alan Wright, et al., *Federal Practice and Procedure*, § 1486 (3d ed.); *see also Prandini v. National Tea, Co.*, 62 F.R.D. 503, 504 (W.D. Pa. 1974).

### B.        Motions to Strike

Federal Rule of Civil Procedure 12(f) provides that a court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  The decision of whether to strike material under this rule is left to the discretion of the court.  *See Garafola v. Lackawanna Cnty. Correctional Care, Inc.*, Civ. No. 3:07-cv-2305, 2009 WL 1609401, at *2 (M.D. Pa. 2009).  However, motions to strike "are disfavored and

---

[1]  It is undisputed that Plaintiff's amended pleading does not fall within the time constraints for amending a pleading as a matter of course.

usually will be denied 'unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case.'" *Kim v. Baik*, Civ. No. 06-cv-3604, 2007 WL 674715, at *5 (D. N.J. 2007) (*quoting River Road Dev. Corp. v. Carlson Corp.*, Civ. No. 89-cv-7037, 1990 WL 69085, at *2 (E.D. Pa. 1990)).

## C.   Analysis

In the instant case, Plaintiff's amended complaint was submitted pursuant to this court's order dismissing Plaintiff's original complaint while granting him leave to file an amended complaint.  (Doc. 17, p. 14.)  In that order, this court specified that Plaintiff had leave to file an amended complaint "as to his access to courts claim as well as his [§]1983 claims against Defendants in their individual capacities."  (*Id.*)  Defendants contend that Plaintiff's amended complaint exceeds what this court granted leave to file because it "encompasses factual allegations and numerous legal counts . . . well beyond the single access-to-courts claim that was previously set forth in the Complaint."  (Doc. 22, p. 3.)

This court is mindful that Plaintiff is proceeding *pro se* and that his pleadings should be interpreted generously.  *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Yet even under a generous interpretation it is clear that Plaintiff exceeded the conditions in this court's order granting leave to amend by including new and only tangentially related claims and factual allegations in his amended complaint.  (Doc. 20, *passim.*)  By exceeding those conditions, Plaintiff filed an amended complaint without the court's leave and lacking any other basis to do so. *See* Fed. R. Civ. P. 15(a).  Because the amended complaint is unauthorized, it has no

4

bearing on the instant litigation and is thus "immaterial" and "impertinent" for purposes of Rule 12(f).

This court will thus grant Defendants' motion to strike the amended complaint and will grant Plaintiff leave to file a new amended complaint for the purpose of setting forth his access to courts claim against Defendants in their individual capacities. In preparing his amended complaint, Plaintiff is advised that, among other requirements, the amended complaint must be a new pleading that stands by itself as an adequate complaint without reference to the complaints already filed. *Young v. Keohane*, 809 F. Supp. 1185, 1189 (M.D. Pa. 1992). A sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not contain detailed factual allegations, but a plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief as prescribed by Rule 8(a)(2). *Id.*; *see also Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005).

To meet the standards set forth in Rule 8, Plaintiff's amended complaint must at least contain a modicum of factual specificity, identifying the defendants and the particular conduct of the defendants purported to have harmed the plaintiff. "A complaint which contains a bare bones allegation that a wrong occurred and which does not plead any of the facts giving rise to the injury, does not provide adequate notice." *Purveegiin v. Pike Cnty. Corr. Facility*, Civ. No. 3:CV-06-0300, 2006 WL 1620219, at *2 (M.D. Pa. June 6, 2006). Finally, while Plaintiff should include

factual material that tends to prove Defendants acted intentionally in losing his legal paperwork, he should not assert other legal claims in his amended complaint, nor include unrelated factual allegations.

**III.**     **Conclusion**

   For the reasons set forth above, this court will grant Defendants' motion to strike (Doc. 21) and will grant Plaintiff leave to file a new amended complaint for the purpose of asserting his access to courts claim against Defendants in their individual capacities.  An appropriate order will issue.

          s/Sylvia H. Rambo
          United States District Judge

Dated:  February 2, 2015.